# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| BIG BUCKS PRESERVE, LLC | * | CIVIL ACTION NO. 08-2021 |
| VERSUS | * | JUDGE JAMES |
| NISOURCE, INC. and COLUMBIA GULF TRANSMISSION COMPANY | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the district court, is a motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), respectively, filed by Defendant Nisource, Inc.( "Nisource") [Doc. # 8]. The motion is unopposed. For reasons stated below, it is recommended that the motion be **GRANTED**.

## PROCEDURAL HISTORY

On December 1, 2008, Plaintiff Big Bucks Preserve, LLC ("Plaintiff") filed the instant negligence action against Nisource and its wholly owned subsidiary, Columbia Gulf Transmission Company[1] ("Columbia Gulf") in the Sixth Judicial District Court, Madison Parish. [Doc. # 1]. The complaint alleges that Columbia Gulf and/or Nisource own, operate, and maintain a natural gas pipeline ("the pipeline") that runs in a northerly direction across the length of the Big Bucks Preserve ("the Preserve"), and that the pipeline exploded due to Defendants' negligent maintenance, inspection, and repair. According to the complaint, Columbia Gulf

---

[1] Nisource is a Delaware corporation with a principal place of business in Merryvillle, Indiana. Columbia Gulf is a Delaware corporation with a principal place of business in Houston, Texas.

and/or Nisource were also negligent in running the pipeline at a pressure that was too high for the condition and age of the line. The complaint alleges that the repairs to the pipeline necessitated by the explosion disrupted the 2008-09 hunting season, thereby resulting in the loss of the enjoyment of the property for that and future hunting seasons.

On December 30, 2008, Defendants removed the case to this Court on the grounds of diversity of citizenship. On January 9, 2009, Nisource filed the instant motion on the ground that this Court does not have personal jurisdiction over it because (1) it is a foreign corporation; (2) it is not authorized to do business in Louisiana; (3) it has never applied to do business in Louisiana; and (4) it conducts no business activities of any kind in the state of Louisiana. Nisource also argues that because this Court lacks personal jurisdiction, any service of process made upon it was improper.

## LAW AND ANALYSIS

A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant as long as (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state does not transgress due process protections under the United States Constitution. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution. *See*, La. R. S. § 13:3201(B). Accordingly, the sole issue here is whether exercising *in personam* jurisdiction over Nisource comports with federal due process.

When the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a prima facie showing of the jurisdictional facts. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). The court "must accept as true the uncontroverted allegations in the complaint and

2

resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006).

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 3/12/07) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung, supra*. General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth*, 472 F.3d at 270 (citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related to the defendant's contacts with the forum. *Id*. (citations omitted). "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state." *Freudensprung, supra* (citations omitted).

In this case, Nisource has submitted the affidavit of Gary W. Pottorff, Nisource's corporate secretary, which states as follows: (1) Nisource does not contract with any Louisiana residents or otherwise transact business in Louisiana; (2) Nisource is not registered to do business in Louisiana, nor has it appointed an agent for service of process; (3) Nisource and

3

Columbia Gulf each have their own duly appointed officers and directors and operate as two distinct corporations; (4) Nisource has no employees and, thus, has no employees in Louisiana and does not share employees with Columbia Gulf; and (5) Nisource does not own any facilities or real estate in Louisiana.

This evidence directly contradicts Plaintiff's allegations in the complaint that Nisource owns, operates, and maintains the pipeline that exploded and allegedly resulted in Plaintiff's injuries, and it supports Nisource's assertion that it does not have sufficient minimum contacts with the State of Louisiana to support specific or general jurisdiction in this Court.[2] Moreover, as the instant motion is unopposed, Plaintiff has submitted no evidence controverting that submitted by Nisource. Thus, the undersigned finds that Plaintiff has failed to make a prima facie showing that this Court has personal jurisdiction over Nisource. As such, it is recommended that Nisource's motion be GRANTED and that Plaintiff's claims against Nisource be DISMISSED without prejudice for lack of personal jurisdiction.[3]

## **CONCLUSION**

For the foregoing reasons,

---

[2] It is well-settled that "the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung*, 379 F.3d at 346. Therefore, the fact that Columbia Gulf is a subsidiary of Nisource is not sufficient on its own to subject Nisource to personal jurisdiction in Louisiana courts. The presumption of institutional independence of related corporate entities may be rebutted by demonstrating "proof of control by [one corporation] over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Id.* (quotations and citation omitted). However, Plaintiff has made no such demonstration in this case.

[3] Given this finding, it is not necessary to consider whether the exercise of jurisdiction over Nisource would offend the traditional notions of fair play and substantial justice.

**IT IS RECOMMENDED** that the motion to dismiss for lack of personal jurisdiction filed by defendant Nisource [Doc. # 8] be **GRANTED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 19th day of February, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE